### THOMAS MACKIN

*v.*

### THE CITY OF CHICAGO.

1.  CONTRACT—*whether a proposition has been accepted so as to constitute a contract.* A lessee of certain premises from the city of Chicago, by way of a compromise of disputed questions as to the amount of annual rent to which the city was entitled under the leases, commencing May 8, 1870, proposed in writing to the city that he would pay, as such annual rent, sixty per cent of the sum which said rent would amount to, if computed upon a valuation of the premises made in April or May, 1870, with interest at the rate of eight per cent per annum on the then past due and unpaid installments of rent from the days whereon the same were due and payable according to the terms of the leases, until paid, such payments of accrued rent to be made as soon as practicable, and at such times as might be agreed upon between the lessee and a properly authorized officer of the city,—the rents that had been paid to be credited as of the days of such payment; and any payment which had been made subsequent to said valuation, in excess of the rate proposed, should be credited, with interest on the excess at eight per cent per annum. It appeared that subsequently the mayor of the city submitted the proposition to the common council for its action, whereupon the subject was referred to a committee of the council, who reported and recommended that the proposition be accepted by the city "in the manner and upon the terms" thereof, and also recommended the adoption of an order that the mayor and city comptroller be authorized and empowered to adjust, settle and compromise with the lessee "at a ratio not less than sixty per centum of the rent due from said lessee under the appraisal made in May, 1870, charging at the rate of eight per centum interest on all installments which are in arrears, and allowing the same rate of interest on all prepayments made over and above the sixty per centum." The report of the committee was adopted upon a vote of the council: *Held,* the action of the council was an acceptance of the proposition, and the authority given to the mayor and comptroller was substantially in accord therewith.

2.  SAME—*where proposition leaves certain matters not definitely presented.* In the same proposition, after fixing the amount of rent to be paid, it was proposed,

"such payments of accrued rent to be made as soon as practicable, and at such times as may be agreed upon by the lessee with a properly authorized officer of the city." The lease itself had fixed the times of payment, and the real matter in dispute was the *amount* to be paid,—moreover, after repeated efforts on the part of the mayor and comptroller to adjust the matter with the lessee, the latter refused to pay on the ground he had a counter claim against the city. It was *held,* the lessee was precluded from insisting this part of the proposition was too indefinite to permit a contract to arise out of an acceptance.

3. Same—*construction as to installments of rent drawing interest.* The mayor of the city approved the action of the council in accepting the proposition, on the 28th September, 1872. The proposition of the lessee provided that past due installments of rent should bear eight per cent interest. So it was correct to compute interest at that rate on an installment which became due August 8, 1872.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Mr. JOHN BORDEN, for the appellant.

Mr. R. W. RICKABY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity brought by Thomas Mackin against the city of Chicago, to restrain it from declaring a forfeiture of a certain lease which the city had executed, under which the complainant was occupying certain real estate. The city put in an answer to the bill, and also filed a cross-bill, and on the hearing the circuit court dismissed the original bill and entered a decree on the cross-bill in favor of the city for $18,614.58, from which the complainant appealed.

Without entering upon a detailed statement of the facts relied upon by the city of Chicago to sustain the cross-bill, it will perhaps be enough for a decision of the case to state that the city claims that appellant made a written proposition of settlement which was accepted by the city, which proposition was as follows:

" The undersigned, owners of school leases so-called from the city of Chicago of the lots hereunder described, situated

in block 142 in the School Section addition to Chicago, and of other school property in the burnt district of the south division, propose to the city of Chicago, by way of compromise of disputed questions as to the amount of annual rent which the said city is entitled to receive for said lots under said leases for the five years commencing May 8, 1870, that they will pay to said city, as such annual rent for said five years, sixty (60) per cent of the sum which said rent would amount to if computed upon the valuation of said lots made (illegally as claimed by the undersigned) by Mancel Talcott, Jabez K. Botsford and Julian S. Rumsey, in April or May, 1870, with interest at the rate of eight (8) per cent per annum on the past due and unpaid installments of rent from the days whereon the same were due and payable, according to the terms of said leases, until paid, such payments of accrued rent to be made as soon as practicable, and at such times as may be agreed upon by the undersigned respectively with a properly authorized officer of the city. And any rents that have been paid for any portion of said period to be credited to the lots as of the days of such payment; and any payments that may since said valuation have been made of rents in excess of the rates above proposed, shall be credited to the lot on which it has been paid, with interest on the excess from the date of payment at the rate of eight (8) per cent per annum, until it shall be offset by the accruing rents on said lot. This proposition to be null and void unless accepted by October 1, 1872. Dated at Chicago, July 9, 1872.

    *          *          *          *          *          *          *

(Signed)          THOMAS MACKIN.

"For all my school leases in blocks 142 and 113, School Section."

On the other hand, it is contended by appellant that the compromise agreement was never made and completed; that it was only a proposal to enter into an agreement, and the proposition left sundry matters for further negotiation which were never agreed upon and settled.

It is averred, in the cross-bill, that before said first day of October, 1872, and on or about the 23d day of September, 1872, the city did, by its common council, duly consider said proposition and accept the same, * * * and did, before October 1, 1872, notify said Mackin that it had and would accept said proposition so made by him as aforesaid, etc. Was this allegation of the cross-bill sustained by the evidence introduced on the trial?

It appears from the record that at a meeting of the common council of the city of Chicago, held on the 19th day of August, 1872, the mayor submitted the written proposition of appellant to the council for its action, when, on motion, the communication was referred to the committee on schools.

On the 23d day of September, at a meeting of the common council, the committee on schools made a report, and recommended, " that the proposition of said owners of school leases be accepted by the city in the manner and upon the terms proposed by said petition, and that the mayor and city comptroller be authorized to fix upon and carry out the details of said compromise, and to that end your committee would recommend the passage of the accompanying order:

" *Ordered,* That the mayor and city comptroller be and they are hereby authorized and empowered to adjust, settle and compromise with the lessees of school lots in the burned district of Chicago, at a ratio not less than sixty per centum of the rent due from said lessees under the appraisal made in May, A. D. 1870, charging at the rate of eight per centum interest on all installments which are in arrears, and allowing the same rate of interest on all prepayments made over and above the sixty per centum: *Provided,* that nothing therein contained shall, in any manner, invalidate or affect any clause, provision or condition contained in any of said leases, except the simple reduction of the rent, and this compromise shall not affect the rights of either the city of Chicago or of said lessees from and after the 1st day of May, A. D. 1875."

Upon the presentation of the report Alderman Daggy moved that the report be concurred in, and the engrossment of the order waived. On a call of the yeas and nays the motion prevailed. The same alderman then moved that the order be passed, which motion, on a call of the yeas and nays, prevailed.

It will be observed that the report of the committee who had under consideration appellant's proposition recommended, in and by the written report to the common council, that the proposition of appellant be accepted by the city in the *manner* and upon the *terms* proposed in the communication of appellant, which had been submitted. This report of the committee, if adopted by resolution of the common council, could not be regarded otherwise than as a clear, direct and explicit acceptance of appellant's proposition without qualification or condition. That the report was adopted can not admit of a doubt. The first motion which was made after the report was submitted was, that the report of the committee be concurred in, and this was carried without amendment, or without a dissenting vote. But it may be urged that the subsequent action of the common council in the adoption of the order impaired the force and effect of the previous action of the common council adopting the motion concurring in the report of the committee. A careful examination of appellant's written proposition, and the order, we are satisfied will demonstrate that such is not the case.

The proposition of appellant was to pay sixty per cent of the sum which the rent would amount to from May, 1870, to May, 1875, computed on the valuation of the property in April or May, 1870, by the three appraisers, with eight per cent interest on past due payments from the time said payments were due. And where payments had been made in excess of sixty per cent such payments should be credited to the lot upon which they were made, with eight per cent interest.

Now, the order merely authorizes and directs the mayor and comptroller to accept sixty per cent of the rent due under the

appraisal of 1870, in full payment, charging at the rate of eight per cent interest on the installments past due, and allowing the same rate of interest on all prepayments made in excess of the sixty per cent. The proviso to the order in no manner affects any of the terms or conditions of the proposition, and hence can have no bearing on the question. The substantial effect of the action of the common council on the proposition of appellant, when the entire proceedings are considered, was first, a full acceptance of the proposition; second, by the adoption of the order the mayor and city comptroller were appointed by the common council to carry out that clause in the proposition of appellant which provides that "such payments of accrued rent to be made as soon as practicable, and at such times as may be agreed upon by the undersigned respectively with a properly authorized officer of the city."

If we are correct in these views, then it is manifest the action of the city council of Chicago on the proposition of appellant created a contract which became binding and conclusive both upon the city and appellant. The city council had power to act by ordinance, by resolution, or a vote, as is well said by Dillon on Municipal Corporations, sec. 374, in the following language :

"The authorized body of a municipal corporation may bind it by an ordinance which, if in favor of private persons interested therein, may, if so intended, operate as a contract; or they may bind it by a resolution, or by a vote clothe its officers, agents or committees with power to act for it; and a contract made with persons thus appointed by the corporation, though by parol, (unless it be one which the law requires to be in writing,) will bind it."

But it is urged that an absolute acceptance of appellant's proposition would not make a binding contract, because the proposition contained this provision : "Such payments of accrued rent to be made as soon as practicable, and at such times as may be agreed upon by the undersigned with a properly authorized officer of the city."

The bone of contention between appellant and the city was in regard to the amount of annual rent that should be paid from 1870 to 1875—not when the rent was due. Upon this point there was no controversy; it was settled by the lease. The clause in question was doubtless inserted for the purpose of giving appellant as short a time as might be agreed upon between him and the officer the city might appoint to receive the rent then past due.

The testimony in the record is ample that after the city accepted the proposition of appellant, the mayor and comptroller made repeated efforts to adjust the rent past due, but appellant refused—not on the ground that the city had failed to accept his proposition, but solely on the ground that he had an unadjusted claim against the city, which grew out of some other transaction, which he desired to set off against the rent due. When appellant had ample opportunity to arrange with the mayor and comptroller of the city in reference to the rent due, and refused to do so, his conduct may be regarded as a waiver of all benefit which would grow out of the clause in the proposition referred to.

It is also contended that the amount found due is too large; that the court erred in allowing eight per cent interest on the installment which became due August 8, 1872. As we understand the decree interest at eight per cent was allowed on all installments of rent due prior to September 28, 1872, the time the mayor approved the action of the city council on the proposition. This we understand to be correct, for the proposition of appellant expressly provides that past due and unpaid installments shall bear interest at the rate of eight per cent. This would have included the installment due in August, 1872.

Other questions have been presented in the argument, but as we are satisfied the decree of the circuit court was correct on the cross-bill, the consideration of those questions could have no bearing on the case.

The decree of the circuit court will be affirmed.

*Decree affirmed.*